UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2021 APR 16  A 11: 21

CLERK Casbell
SO. DIST. OF GA.

RICHEKAD JEAN,
    PETITIONER

V.                          CASE No:   CV521-031

TRACY JOHNS, WARDEN,
    RESPONDENT

### PETITION FOR ISSUANCE OF WRIT OF HABEAS CORPUS
### 28 U.S.C 2241(c)(3);5 U.S.C 703

The Petitioner Richekad Jean is currently incarcerated at the North Lake Correctional Facility, and was in the custody of Tracy Johns (Warden) at the D.Ray James Correctional Facility. The Petitioner is serving a term of 57 months imprisonment and 3 years supervised release which was rendered by the United States District Court Southern District of Florida; for: Indentity Theft, Wire Fraud, Conspiracy to Commit Wire Fraud, and Receiving and Concealing Monies from the Government.

Since Petitioner's confinement began at the D.Ray James (CF), Petitioner has been deprived of his constitutional rights in connection with a **disciplinary hearing on 01/27/2020**, after which Petitioner was subjected to **Loss of 27 Days of Statutory Good Conduct Time and 90 Days Forfeiture of Non- Vested Good Conduct Time** that adversely affects duration of confinement. (Please see Exibit 1)

1

**Petitioner's constitutional rights were denied in connection with the disciplinary hearing**

A. On 01/10/2020 Petitioner was issued **Incident report (IR)# 3350688** alleging a violation of **Prohibited Act Code ("PAC") 297**. A review of the IR fails to allege with specificity as to how the Petitioner violated PAC 297. The report does not indicate that Petitioner gave the caller instructions to call a third party. The IR makes the leap that because **"he heard a man's voice means that a three-way call was made"**.

The begged questions that presents itself, is it now a violation to speak to more than one person in a household? Is the phone calls limited only to the owner of the phone? BOP's policy directs that its disciplinary process is not to be conducted in a arbitrary and capricious manner. Canvassing past phone calls in order to generate corporate profits is repulsive.

B. Delay in UDC Hearing **28 C.F.R 541.7** requires that UDC hearing be held within Five working days an extension of that time can be granted if accompanied by a memorandum from the Warden. Here, during the UDC hearing Petitioner was not informed that the Warden had approved an extension of time in which the UDC hearing should be held. In reviewing the staff roster it was noted that members of Unit Team were present at work, the institution was not on lockdown. Moreover, Unit Team members does not suffer from incompetence or mental defects which would allow them not to follow strict procedural requirements of conducting UDC Hearing. Facts here in reveal the **UDC hearing was untimely and violates fundamental Due Process. (Please see Exibit 2)**

C. Denied an unconflicted, independent and impartial adjudicator. The **DHO is not a staff** member of the BOP as required **by 28 C.F.R 500.1(b)(1), 516, 541.1(b)(1) and 541.8(b)**. The DHO is a salaried employee of GEO a private corporation housing prisoners for profits, withholding good time credit

2

serves both corporate purpose [profits] and the DHO self interest [401k and stock and stock dividens].

D. "Staff" is defined as as any employee of the Bureau Of Prisions, or Federal Prisons Industries, Inc. **Please see 28 C.F.R 541.1**. Although the regulations do not clearly requires the DHO to be employee of the BOP the regulation do requires that sanctions be impose by "Bureau Staff." **Please see 28 C.F.R 500.1(b)(1)**. Petitioner due process rights was violated when sanctions was imposed by a non-authorized official.

### Relief

This Honorable court has jurisdiction over the instant cause of action, as the cause giving rise, the loss of good conduct time and loss of non vested good conduct time credit occurred within the jurisdiction of this Court. **See Preiser v. Rodriquez, 411 U.S 475 (1973); United States v. Warmus, 151 F. App'x 783. 786 (11th cir. 2005)**(holding, **28 U.S.C 2241** proper statute to challenge BOP's regulations. The Petitioner has fraustrated all his Administrated Remedy.

Therefore the Petitioner is requesting that this Honorable Court to grant This Motion Pursuant to **28 U.S.C 2241** and that the charges against Petitioner be **Vacated , Expunged for the records ,and restore Loss of 27 Days Good Conduct Time and 90 Days Forfeiture of Non vested Good Conduct time. which total to the amount of 117 Days lost.**

Respectfully Submitted,

*Richekad Jean 04/12/2021*

Richekad Jean 04/12/2021
B.O.P# 15776-104
North Lake Correctional Facility

3

P.O. Box 1500
Baldwin, MI 49304

P.O. Box 1500
Baldwin, MI 49304

## Poof of service

I Petitioner Richekad Jean, do affirm or declare that on this date 04/12/2021 I have Petition Motion

Under 28 U.S.C 2241(c)(3); 5 U.S.C 703 to the below address:

Office of the Clerk
United States District Court
Southern District of Georgia
P.O. Box 1636
Brunswick, Ga 31521

Respectfully Submited,

*Richehad Jean 04/12/2021*

Richekad Jean  04/12/2021
 B.O.P# 15776-104
North Lake Correctional Facility
P.O. Box 1500
Baldwin, MI 49304

**Exibit 1**

DHO Hearing officer Report

BP-A0304
JAN 17

**DISCIPLINE HEARING OFFICER REPORT** CDFRM

**U.S. DEPARTMENT OF JUSTICE**  **FEDERAL BUREAU OF PRISONS**

| | |
|---|---|
| Institution: D. Ray James Correctional Facility | Incident Report Number: 3350688 |
| Name Of Inmate: Jean, Richekad | REG.NO.: 15776-104  Unit: K04-030L |
| Date of Incident Report: 01/10/2020 | Offense Code: 297 |
| Date of Incident: 01/01/2020 | |

Summary of Charges:
Use of the telephone for abuses other than criminal activity which circumvent the ability of staff to monitor frequency of telephone use, content of the call, or the number being called.

### I. NOTICE OF CHARGE(S)

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on (date) **01/10/2020** at (time) **1:22 PM** (by staff member) **Lieutenant L. Stewart**

B. The DHO Hearing was held on (date) **01/27/2020** at (time) **1:35 PM**

C. Inmate was advised of the rights before the DHO by (staff member) **Case Manager T. Velez** on (date) **01/17/2020** and a copy of the advisement of rights form is attached.

### II. STAFF REPRESENTATIVE

A. Inmate waived right to staff representative. Yes **✓** No _____

B. Inmate requested staff representative and **N/A** appeared.

C. Staff Representative's Statement:
N/A

D. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that:
N/A

E. Staff representative **N/A** was appointed.

### III. PRESENTATION OF EVIDENCE

A. Inmate denies the charges(s).

B. Summary of Inmate Statement:
On 01/27/2020 at approximately 1:35 PM, inmate Jean, Richekad #15576-104 denied the phone abuse charge against him to this DHO. Jean presented a written statement on his behalf, dated 01/18/2020. Jean verbally stated in the past I made several phone calls and sometimes it hangs up or maybe the receiver could be pushed in by the persons face. Sometimes the phone itself will hang up on its own. I can't remember the call. I make a lot of phone calls. The photographs just shows me at the phone.

C. Witnesses:

1. Inmate waived right to witnesses. Yes **✓** No _____

2. The following persons were called as witness at this hearing and appeared (Each witness name and statement listed below):
N/A

3. The following persons requested were not called for the reason(s) given (Each witness name and statement listed below):
N/A

4. Unavailable witnesses were requested to submit written statements and those statements received were considered (Each witness name and statement listed below):
N/A

D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents:
Inmate Jean, Richekad Register #15576-104 presented written statement, dated 01/18/2020.
Global Tel Link Call Detail Report for inmate Jean, Richekad #15576-104, dated 01/10/2020.

Global Tel Link Pan Detail Report for inmate Jean, Richekad #15576-104, dated 01/10/2020.
GEO Track Subject Management General Information for inmate Jean, Richekad #15576-104, dated 01/10/2020.
BOP Program Statement P5264.08, Inmate Telephone Regulations, Corrected Copy 02/11/2008, page 5, paragraph 8 and pages 10 and 11, paragraph 9. Five (5) still photographs printed from CCTV of inmate Jean, Richekad #15576-104, using the phone station at the time this call was made, dated 01/01/2020.

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because:
N/A

## IV. FINDINGS OF THE DHO

__✓__ A. The act was committed as charged.

_____ B. The following act was committed:

_____ C. No prohibited act was committed:

Expunge according to Inmate Discipline PS.

## V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations, written documents, etc.)

On 01/27/2020 at approximately 1:35 PM, inmate Jean, Richekad #15576-104 due process rights were read and reviewed with him by this DHO. Inmate Jean, Richekad #15576-104 appeared at this hearing and acknowledged receiving a copy of this incident report. He stated he understood his rights before this DHO. He waived his right to a staff representative and requested no witnesses on his behalf. Inmate Jean was offered the use of translation services; he declined stating I speak and understand English. No interpreter was used.

This DHO finds you committed the prohibited act of, Code 297, use of the telephone for abuses other than criminal activity which circumvent the ability of staff to monitor frequency of telephone use, content of the call, or the number being called, when you and your listed as friend Edd Deme made a three way phone call via call forwarding or any similar telephone function.

The DHO bases this finding on Investigative Clerk R. Ballard's written report indicating on 01/10/2020 at approximately 10:45 a.m., I, Clerk R. Ballard was monitoring phone calls using the Global Tel Link (GTL) system. Inmate Jean, Richekad #15776-104 placed a call on 01/01/2020 at 10:02 p.m., to number 786-775-9244 and was talking to a male. During the conversation the male and Jean talked about adding another person to the phone call and that it hung up before. After saying this, there was several seconds of silence (conducting a three way call) and another male voice began to talk. By Jean making a three way call he's (Jean) using the telephone in violation of the policy, which circumvents the ability of staff to monitor frequency of telephone use, content of calls.

It is noted Program Statement P5264.08, Inmate Telephone Regulations, Corrected Copy 02/11/2008, page 5, paragraph 8, indicates to ensure safety and security of the institution and community, inmates must place all personal telephone calls through ITS (inmate telephone system) and must not circumvent it via call forwarding, including automatic electronic call forwarding or any similar telephone function.

Global Tel Link Call Detail Report for inmate Jean, Richekad #15576-104, dated 01/10/2020 indicates a phone call was made using your phone account on 01/01/2020 at approximately 10:02 PM to phone number 786-775-9944 from K Building Pod 4, phone station 3. Global Tel Link Pan Detail Report for inmate Jean, Richekad #15576-104, dated 01/10/2020 indicates phone number 786-775-9944 is listed as your friend Edd Deme. Five (5) still photographs printed from CCTV dated 01/01/2020, indicates inmate Jean, Richekad #15576-104 is using the phone station at the time this call was made. This DHO verified your identity using your own statement of the photographs just show me at the phone and GEO Track Subject Management General Information for inmate Jean, Richekad #15576-104, dated 01/10/2020.

On 01/10/2020 at approximately 1:22 PM, during your initial investigation you stated you can't recall. On 01/17/2020 at approximately 2:40 PM, during your UDC hearing you stated you were not guilty and when has it become a prohibited act to speak to someone in the same household/under the same number? On 01/27/2020 at approximately 1:35 PM, you denied the phone abuse charge against you to this DHO. You presented a written statement on your behalf, dated 01/18/2020. You made verbal statements of in the past I made several phone calls and sometimes it hangs up or maybe the receiver could be pushed in by the persons face. Sometimes the phone itself will hang up on its own. I can't remember the call. I make a lot of phone calls. The photographs just shows me at the phone.

Inmate Jean, Richekad Register #15576-104 presented written statement on his behalf, dated 01/18/2020, verbatim indicating BOP policy explicitly requires that the UDC hearing be held within Five (5) working days and extension of that

time can be granted if accompanied by a memorandum from the Warden. Here, during the UDC hearing I was not informed that the Warden had approved an extension of the time in which the UDC hearing should be held. In reviewing, the staff roster it was noted that the members of the Unit Team were present at work, the institution was not on lockdown. Moreover, Unit Team members does not suffer from incompetence or mental defects which would allow them not to follow the strict procedural requirements of conducting UDC hearing. As the facts here reveal the UDC hearing was untimely and violates fundamental due process. The incident report should and must be expunged. On 01/10/2020 I was issued a Incident Report (IR) alleging a violation of Prohibited Act Code ("PAC") 297. A review of the IR fails to allege with specificity as to how I violated (PAC) 297. The report does not indicate that I gave the caller instructions to call a third party. The IR makes a leap that because he heard a "Man's voice" means a three-way call was made. The begged questions that presents itself, is it now a violation to speak to more than one person in a household? Is the phone calls limited only to the owner of the phone? BOP's policy directs that its disciplinary process is not to be conducted in a arbitrary and capricious manner. Canvassing past phone calls in order to generate incident reports and by extension increased prison time to generate corporate profits is repulsive. Most IR's are based on nothing but innuendos, conjectures and suppositions. Simply put, there is absolutely no evidence in the records that I directed another to make a three-way call to sustain Violation of (PAC) 297. I emphatically deny Violating (PAC) 297. Furthermore, I object to the proceeding on the following grounds: (1) Disciplinary sanctions can only be imposed by a BOP employee; (2) A Discipline hearing officer must be properly trained and certified: (3) An Employee of a for profit corporation cannot be impartial when occupancy of that facility profits the corporation in financial interest sustaining IR's.

This DHO considered your verbal and written statements and this DHO discussed, showed and informed you via Program Statement 5270.09, Inmate Discipline Program, dated 07/08/2011, page 24, paragraph (c), indicating the UDC will ordinarily review the incident report within five work days after it is issued, not counting the day it was issued, weekends, and holidays. It is noted you do not have access to any staff rosters disputing your claim you reviewed them. You were issued this incident report on 01/10/2020. The UDC conducted their hearing on 01/17/2020 by close of business on the 5th day not counting the day it was issued, weekends, and holidays, disputing your claim the UDC hearing was untimely and your fundamental due process rights were violated. The report writer specifically states the male and Jean talk about adding another person to the phone call and that it had hung up before. There was several seconds of silence and another male voice began to talk. This is the evidence to support PAC 297, a three way phone call via call forwarding or any similar telephone function was accomplished during this phone call disputing your claim the IR fails to allege with specifically as to how you violated PAC 297. You indicated in your verbal statement to the initial investigator and to this DHO of you can't recall and you cannot remember the call. This DHO finds these statements to be in direct contradiction to your verbal and written statements of is it now a violation to speak to more than one person in a household, when has it become a prohibited act to speak to someone in the same household/under the same number and is the phone calls limited only to the owner of the phone? Per BOP Program Statement P5264.08, Inmate Telephone Regulations, Corrected Copy 02/11/2008, pages 10 and 11, paragraph 9, indicates the Warden shall establish procedures that enable monitoring of telephone conversations on any telephone located within the institution, said monitoring to be done to preserve the security and orderly management of the institution and to protect the public. This paragraph disputes your claim of BOP's policy directs that its disciplinary process is not to be conducted in an arbitrary (determined by impulse or whim), and capricious (characterized by or subject to whim) and your assertion of canvassing past phone calls in order to generate IR's to increase prison time and corporate profits. This DHO finds by reasonable deduction this IR meets the element of prohibited act of using the telephone in violation of policy on telephone regulations which circumvents telephone monitoring procedures disputing your claim the IR is based on innuendos (an indirect or subtle derogatory implication, insinuation), conjectures (inference based on incomplete or inconclusive evidence) and suppositions (assumptions). Your grounds for objection of these proceedings are noted, however, both BOP Program Statement 5270.09, Inmate Discipline Program, page 1, indicates this program applies to sentenced and unsentenced inmates in Bureau custody. It also applies to sentenced and unsentenced inmates designated to any prison, institution, or facility in which persons are held in custody by direction of, or under an agreement with, the Bureau of prisons. And, BOP Program Statement P5264.08, Inmate Telephone Regulations, Corrected Copy 02/11/2008, page 1, indicates this Program Statement provides national policy and procedure regarding inmate telephone privileges within Bureau of Prisons (BOP) institutions and contract facilities. It is noted D. Ray James Correctional Facility is under contract agreement with the Bureau of Prisons. It is also noted this DHO has been properly trained and certified by the U.S. Department of Justice, Federal Bureau of Prisons, National Corrections Academy, Aurora CO, on 10/18/2012. Furthermore, this incident report and all evidence supporting it will be reviewed by the Federal Bureau of Prisons, Privatization Management Branch, DHO Oversight Specialist for compliance with due process requirements and the recommended sanctions are in accordance with Bureau of Prisons Program Statement 5270.09, Inmate Discipline Program disputing your claim an employee of a for profit corporation cannot be impartial when occupancy of that facility profits the corporation in financial interest in sustaining IR's. This DHO considers your denial, written and verbal statements to be your attempt to remove yourself from any wrong doing. Based on your contradictory written and verbal statements, the above mentioned information and your recent previous history of phone abuse as indicated on your Discipline Data Chronological Disciplinary Record, this DHO finds it reasonable to

believe while you were on the phone with your as listed friend Edd Deme, a three way phone call via call forwarding or any similar telephone function did take place circumventing the ability of staff to monitor frequency of telephone use, content of call, or number called. This DHO gives greater weight of the evidence to Investigative Clerk R. Ballard's written report of phone abuse.

Therefore, based on the greater weight of evidence of Investigative Clerk R. Ballard's written report of phone abuse. Global Tel Link Call Detail Report for you indicating a phone call was made using your phone account on 01/01/2020 at approximately 10:02 PM to phone number 786-775-9944 from K Building Pod 4, phone station 3. Global Tel Link Pan Detail Report for you indicating phone number 786-775-9944 is listed as your friend Edd Deme and five (5) still photographs printed from CCTV dated 01/01/2020, indicating you using the phone station at the time this call was made. Greater weight of evidence of your contradictory written and verbal statements, your own statement of the photographs just shows me at the phone and your recent previous history of phone abuse as indicated on your Discipline Data Chronological Disciplinary Record. GEO Track Subject Management General Information for inmate Jean, Richekad #15576-104, dated 01/10/2020. BOP Program Statement P5264.08, Inmate Telephone Regulations, Corrected Copy 02/11/2008, page 5, paragraph 8 and pages 10 and 11, paragraph 9 were reviewed by the DHO and relied upon as evidence. The DHO reasonably believes and concludes by greater weight of evidence, the prohibited act of, Code 297, use of the telephone for abuses other than criminal activity which circumvent the ability of staff to monitor frequency of telephone use, content of the call, or the number being called, charge against you is appropriate and warranted. You will have 30 days to appeal my decision. Instructions on how to appeal my decision were explained and provided to you during your DHO hearing.

VI. SANCTION OR ACTION TAKEN (List each prohibited act with respective sanctions for that act)
DIS GCT 27 Days
FF NVGCT 90 Days
LP COMM and LP PHONE - 6 Months (Start date 01/28/2020, End date 07/27/2020)

VII. REASON FOR EACH SANCTION OR ACTION TAKEN
The action/behavior on the part of any inmate to use the telephone in an unauthorized manner or aid another to use the phone in an unauthorized manner poses a serious threat to the ability of the staff to control the use of the telephone. Your actions interfered with the ability of staff to monitor whether inmates are making calls for prohibited or illegal purposes. The sanctions imposed by the DHO were taken to let you know that you and you alone will be held responsible for your actions and behavior at all times.

The sanction against Disallowance of Good Conduct Time was used to comply with Program Statement 5270.09, effective date August 1, 2011, Inmate Discipline Program sanctioning guidelines for inmates sentenced under the Prison Litigation Reform Act (PLRA), and to modify your behavior. You were advised during your DHO hearing that a Bureau of Prisons (BOP) staff member will review each case and will certify all sanctions regarding a Disallowance of Good Conduct Time and any loss of Good Conduct Time may change after BOP review.

It is noted the Forfeiture of Non Vested Good Conduct Time was implemented in accordance with Table 2, additional available sanctions for repeated prohibited acts within the same severity level. This being your third high level prohibited act committed within an 18 month time period. (Actual time period is 9 months). You were advised during your DHO hearing that a Bureau of Prisons (BOP) staff member will review each case and will certify all sanctions regarding a Forfeiture of Non Vested Good Conduct Time and any loss of Good Conduct Time may change after BOP review.

The losses of phone and commissary privileges imposed by the DHO were taken to let you know that you and you alone, will be held responsible for your actions and behavior at all times.

VIII. APPEAL RIGHTS    Yes    The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action. The inmate has been advised of his right to appeal this action within 30 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.

IX. Discipline Hearing Officer

| Printed Name | Signature | Date |
|---|---|---|
| Roger B. Perry | R. B. Perry | 01/29/2020 |

DHO Report Delivered to Inmate by:

| Printed Name of Staff | Signature of Staff | Date and Time Delivered |
|---|---|---|
| R. Perry | R. B. Perry | 02-10-2020 / 1:00pm |

Jean, Richekad          15776-104          3350688          01/27/2020          Page 4 of 4
PDF                                        Prescribed by P5270              Replaces BP-304 of MAR 16

**Exibit 2**

Incident Report # 3350688 and UDC report

BP-A0288
JAN 17

# INCIDENT REPORT

## U.S. DEPARTMENT OF JUSTICE — FEDERAL BUREAU OF PRISONS

**Part I - Incident Report**　　3350688

| | | |
|---|---|---|
| 1. Institution: D. Ray James Correctional Facility (DRJCF) | | Incident Report Number: 15776-10 |
| 2. Inmate's Name: Jean, Richekad | 3. Register Number: 15776-104 | 4. Date of Incident: 01/01/2020 — 5. Time: 10:02 p.m. |
| 6. Place of Incident: K Building Pod 4, phone station 3 | 7. Assignment: UNTK ATEAM | 8. Unit: K04-030L |
| 9. Incident: Use of the telephone for abuses other than criminal activity and circumventing the telephone | 10. Prohibited Act Code(s): 297 | |

**11. Description of Incident (Date: 01/10/2020  Time: 10:45 a.m.  Staff became aware of incident):**

On 01/10/2020 at approximately 10:45 a.m., I, Clerk R Ballard was monitoring phone calls using the Global Tel Link (GTL). Inmate Jean, Richekad #15776-104 placed a call on 01/01/2020 at 10:02 p.m. to number 786-775-9244 and was talking to a male. During the conversation the male and Jean talk about adding another person to the phone call and that it hung up before. After saying this there was several seconds of silence (conducting a three way call) and another male voice began to talk. By Jean making a three way call, He's (Jean) using the telephone in violation of the policy, which circumvents the ability of staff to monitor frequency of telephone use, content of calls.

**12. Typed Name/Signature of Reporting Employee:** R Ballard
**13. Date And Time:** 01/10/2020 10:56 a.m.

**14. Incident Report Delivered to Above Inmate By (Type Name/Signature):** Lt L. Stewart
**15. Date Incident Report Delivered:** 1-10-2020
**16. Time Incident Report Delivered:** 1322

**Part II - Committee Action**

**17. Comments of Inmate to Committee Regarding Above Incident:**
Inmate stated that he is not guilty. Also, stated that "when has it become a prohibited act to speak to someone in the same home/under the same number."

**18. A. It is the finding of the committee that you:**
___ Committed the Prohibited Act as charged.
___ Did not Commit a Prohibited Act.
___ Committed Prohibited Act Code(s). ___

B. ✓ The Committee is referring the Charge(s) to the DHO for further Hearing.
C. ___ The Committee advised the inmate of its finding and of the right to file an appeal within 20 calendar days.

**19. Committee Decision is Based on Specific Evidence as Follows:**
Due to the level of offense this report will be referred to the DHO.

**20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act):**
Forfeit 90 days NVGCT, Disallow 27 days GCT, and LP Phone and Commissary 150 days (5 months).

**21. Date and Time of Action:** 1-17-20 / 1440  (The UDC Chairman's signature certifies who sat on the UDC and that the completed report accurately reflects the UDC proceedings).

T.Velez / T.Velez  —  Chairman (Typed Name/Signature)
T.Grue / ___  —  Member (Typed Name)
___  —  Member (Typed Name)

**INSTRUCTIONS:** All items outside of heavy rule are for staff use only. Begin entries with the number 1 and work up. Entries not completed will be voided by staff.

Distribute: Original-Central File Record; COPY-1-DHO; COPY-2-Inmate after UDC Action; COPY 3-Inmate within 24 hours of Part I Preparation

WD
Prescribed by P5270
Replaces BP-A0288 of AUG 11

| Part III - Investigation | 22. Date And Time Investigation Began |
|---|---|



S FIRMLY TO SEAL

PAPER POUCH

PRESS FIR

UNITED STATES POSTAL SERVICE®

PRIORITY® MAIL

ed delivery date specified for domestic use.

omestic shipments include up to $50 of insurance (restrictions apply).*

Tracking® included for domestic and many international destinations.

l international insurance.**

used internationally, a customs declaration form is required.

does not cover certain items. For details regarding claims exclusions see the
Mail Manual at *http://pe.usps.com.*
national Mail Manual at *http://pe.usps.com* for availability and limitations of coverage.

Sm

T RATE ENVELOPE
TE ■ ANY WEIGHT

TED STATES
TAL SERVICE®

SPS TRACKING #

9022 0078 9375 5533 41

Label 400 Jan. 2013
7690-16-000-7948

ED

4F May 2020
: 12 1/2 x 9 1/2

To schedule free Package Pickup, scan the QR code.

USPS.COM/PICKUP

FROM:

PRIORITY®
★ MAIL ★

UNITED STATES POSTAL SERVICE®
VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM:
Richekad Jean
B.o.P#15776-104
North Lake Correctional Facility
P.O.Box 1500
BaldWin, MI 49304

LEGAL MAIL

TO:
Office of the Clerk
United States District Court
Southern District of Georgia
P.O.BOX 1636
Brunswick, Ga 31521

LEGAL MAIL

Label 228, March 2016

FOR DOMESTIC AND INTERNATIONAL USE

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; May 2020; All rights reserved.